Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| CONSEJO DE TITULARES DEL CONDOMINIO COSTA DORADA<br><br>PETICIONARIO<br><br>V.<br><br>KAMYAR REZVANI, TETYANA REZVANI, REZVANI-REZVANI SOCIEDAD DE BIENES GANANCIALES Y OTROS<br><br>RECURRIDOS | TA2026CE00728 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Río Grande<br><br>Civil Núm.: FA2025CV00318<br><br>Sobre: INJUNCTION (ENTREDICHO PROVISIONAL, INJUNCTION PRELIMINAR Y PERMANENTE), LEY DE CONDOMINIOS, DAÑOS, NULIDAD DE CONTRATO, SENTENCIA DECLARATORIA |

Panel integrado por su presidenta, la juez Brignoni Mártir, el juez Salgado Schwarz, y la juez Aldebol Mora

**Brignoni Mártir, Juez Ponente**

### RESOLUCIÓN

.
En San Juan, Puerto Rico, a 12 de junio de 2026.

Comparece ante nos, el Consejo de Titulares del Condominio Costa Dorada (en adelante, "la parte peticionaria"). Solicita nuestra intervención para que dejemos sin efecto la *"Orden"* emitida y notificada el 8 de junio de 2026, por el Tribunal de Primera Instancia, Sala Superior de Río Grande. Mediante esta, el foro primario declaró *No Ha Lugar* la "*Moción de Desestimación en cuanto al Entredicho Provisional,"* presentada por la parte peticionaria. Todo, dentro de un pleito civil entablado en contra de Kamyar Rezvani; Tetyana Rezvani; y la Sociedad Legal de Bienes Gananciales compuesta por ambos (en lo sucesivo, en conjunto, "los recurridos").

Por los fundamentos que exponemos a continuación, *denegamos* la *expedición* del presente auto de *certiorari.* A su vez, declaramos *No Ha Lugar* la *"Moción en Auxilio de Jurisdicción."*

**I.**

El caso que hoy nos ocupa se compone de varias reclamaciones, por lo cual a continuación se expondrá únicamente un resumen de la exposición fáctica atinente al asunto ante nuestra consideración.

El 14 de abril de 2025, la parte peticionaria presentó *"Demanda Enmendada"* en contra de los recurridos. Mediante esta, instó varias acciones sobre injunction preliminar; injunction permanente; y sentencia declaratoria. Con relación a las peticiones de interdicto, solicitó que los recurridos removieran las tormenteras, ventanas y el generador que habían instalado en alegada violación de la Ley de Condominios de Puerto Rico, Ley Núm. 129-2020, según enmendada, 31 LPRA sec. 1921 et seq.

En respuesta, el 16 de mayo de 2025, los recurridos presentaron *"Contestación a Demanda, Reconvención y Demanda contra Terceros."* En síntesis, se opusieron a los remedios solicitados y sostuvieron en la afirmativa que las referidas tormenteras se encuentran legítimamente instaladas, a tenor de los acuerdos asumidos en una Asamblea Extraordinaria.

Tras varios trámites procesales que no son necesarios de pormenorizar, el 27 de mayo de 2026, los recurridos presentaron *"Solicitud Urgente de Entredicho Provisional Ex Parte."* Comunicaron, que se encuentran fuera de Puerto Rico y que durante su ausencia la parte peticionaria entró sin autorización a su departamento y comenzó a remover sus tormenteras y cámaras de seguridad. En vista de ello, entre otras cosas, peticionaron al tribunal de instancia que emita una orden a los efectos de que la parte peticionaria cese de inmediato cualquier actuación adicional sobre su apartamento.

Así las cosas, el 27 de mayo de 2026, el foro primario notificó una *"Resolución Interlocutoria."* Mediante esta, declaró *Ha Lugar* la *"Solicitud Urgente de Entredicho Provisional Ex Parte."* En consecuencia, prohibió a la parte peticionaria entrar sin autorización al departamento de los recurridos e intervenir con sus bienes. A su vez, le concedió hasta el 5 de

junio de 2026 a la parte peticionaria para expresarse en torno a la Solicitud de los recurridos.

En el término concedido, la parte peticionaria presentó *"Moción de Desestimación en cuanto al Entredicho Provisional."* Fundamentó su petición desestimatoria en lo siguiente: a) que el tribunal carece de jurisdicción para emitir un entredicho provisional por ser el Departamento de Asuntos del Consumidor (DACo) quien tiene autoridad para dilucidar los asuntos de los recurridos; b) que los recurridos incumplen con los requisitos necesarios para la procedencia de un entredicho provisional; y c) que los recurridos no prestaron fianza de conformidad a la Regla 57.4 de Procedimiento Civil, 32 LPRA Ap. V, R. 57.4.

En atención de lo anterior, el 8 de junio de 2026, el foro primario notificó la *"Orden"* que hoy se nos solicita revisar. Mediante esta, declaró *No Ha Lugar* la *"Moción de Desestimación en cuanto al Entredicho Provisional."* Además, señaló vista interdictal a celebrarse el 17 de junio de 2026.

En desacuerdo y en la misma fecha, la parte peticionaria compareció ante este Tribunal mediante un recurso de *certiorari.* A través de este, esbozó el siguiente señalamiento de error:

> Cometió error el Tribunal de Primera Instancia al emitir una orden de entredicho provisional y mantenerse en ella a pesar de que carece de jurisdicción y de tenerla, no le impuso fianza al demandado, no señaló vista dentro del término de la Regla 57.1 y tampoco ha justificado su extensión probadamente por más de diez días.

La parte peticionaria acompañó el auto de *certiorari* con una "*Moción en Auxilio de Jurisdicción,"* a los fines de solicitarnos que paralicemos los procedimientos que transcurren ante el tribunal de instancia.

El 9 de junio de 2026, este Tribunal notificó una *"Resolución"* mediante la cual se le concedió a los recurridos hasta el mediodía del 11 de junio de 2026 para expresarse entorno a la solicitud de paralización. En la fecha requerida, los recurridos presentaron *"Moción en Oposición a Moción en Auxilio de Jurisdicción."*

## II.

## Recurso de Certiorari:

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una decisión de un tribunal inferior. *Alio v. Santiago Chardón y otros*, 2026 TSPR 113; *Rivera et al v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *Orthopedics Prod. Of Puerto Rico, LLC v. Medshape, Inc.*, 207 DPR 994, 1004 (2021); Art. 670 del Código de Enjuiciamiento Civil de 1933, conocido como Ley de Recursos Extraordinarios, 32 LPRA sec. 3491. La característica distintiva del *certiorari* "se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". *Íd.* Ahora bien, el ejercicio de esta discreción no es absoluto. Por ello, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, establece una serie de instancias en las que los foros apelativos pueden ejercer su facultad revisora:

> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.

La Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, pág. 62-63, 215 DPR ___ (2025), delimita los criterios para la expedición de un auto de *certiorari.* Así pues, estas consideraciones "orientan la función del tribunal apelativo intermedio para ejercer sabiamente su facultad discrecional". *Rivera et al v. Arcos Dorados et al*, supra. La aludida regla permite que el análisis del foro apelativo intermedio no se efectúe en el vacío ni se aparte de otros parámetros al momento de considerar los asuntos planteados. *BPPR v. SLG Gómez-López*, 213 DPR 314, 337

(2023); *Rivera et al v. Arcos Dorados et al*, supra; *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 848 (2023); *800 Ponce de León v. American International*, 205 DPR 163, 176 (2020). De conformidad con lo anterior, la Regla 40, *supra*, dispone los siguientes criterios:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Los foros revisores no debemos intervenir en las determinaciones de hechos del tribunal de instancia, "salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad o incurrió en craso abuso de discreción o en error manifiesto." *Citibank v. ACBI*, 200 DPR 724, 736 (2018). Esta norma permite que el foro primario actúe conforme a su discreción judicial, que es la facultad que tiene "para resolver de una forma u otra, o de escoger entre varios cursos de acción". Id. pág. 735; *Graciani Rodríguez v. Garage Isla Verde*, LLC, 202 DPR 117, 132 (2019). El ejercicio esta discreción "está inexorable e indefectiblemente atado al concepto de la razonabilidad". Íd.; *Pueblo v. Hernández Villanueva*, 179 DPR 872, 890 (2010). Así pues, "la discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Íd; Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2016). No obstante, un tribunal incurre en abuso de discreción cuando ignora sin fundamento un hecho material, concede demasiado peso a un hecho inmaterial, y fundamenta su determinación en ese hecho irrelevante, o cuando a pesar de examinar

todos los hechos del caso hace un análisis liviano y la determinación resulta irrazonable. *íd.* pág. 736. En esos casos, los foros apelativos ostentamos la facultad discrecional para expedir el recurso de *certiorari* y ejercer nuestra función revisora.

**III.**

Tras examinar el expediente ante nuestra consideración, concluimos no intervenir en los méritos de la determinación recurrida. Es sabido, que en virtud de la Regla 40, *supra,* este Tribunal tiene la facultad discrecional de decidir si expide o no un auto de *certiorari.* Así pues, al analizar los criterios de la precitada Regla, determinamos que esta etapa de los procesos no es la más propicia para ejercer nuestra función revisora. Ambas partes han presentado solicitudes interdictales que merecen una pronta atención y nuestra intervención en estos momentos pudiera causar una dilación innecesaria de los procesos. Concedemos deferencia a la pronta atención que el foro primario desea ofrecer a las cuestiones presentadas ante sí. Confiamos en que las partes podrán llegar a un acuerdo sobre varios de los planteamientos levantados. No obstante, puntualizamos que nuestra decisión de no intervenir en esta etapa procesal en nada prejuzga los méritos de las causas de acción radicadas por las partes. Éstas, conservan el derecho de posteriormente recurrir de cualquier decisión que entiendan incorrecta y levantar los señalamientos de error que estimen necesarios.

**IV.**

Por los fundamentos expuestos, *denegamos* la expedición del recurso de *certiorari* y declaramos *No Ha Lugar* la *"Moción en Auxilio de Jurisdicción."*

**Notifíquese inmediatamente.**

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones